

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable C. S. Patterson
County Attorney
Brewster County
Alpine, Texas

Dear Sir:

Opinion No. 0-6271
Re: Authority of game warden
to search for things other
than those concerning the
game laws.

Your recent opinion request reads as follows:

"Please advise if a Game Warden has the right
to search any one or any thing for anything other
than that concerning the game laws. As an example,
has a Game Warden the right to search a person and
ascertain if he has his draft registration card."

The Game, Fish & Oyster Commission, and its depu-
ties, which are commonly referred to as "game wardens" are
public officers of the State of Texas and as such the law
has placed upon them the special duty to "enforce the stat-
utes of this state for the protection and preservation of
wild game and wild birds. . . ." Article 906, Vernon's An-
notated Penal Code of Texas. While these officers have not
been legally endowed with the general authority of the ordinary
peace officer in this State, they have been given substantial
enforcement powers within their own enforcement field. We
note that they may arm themselves in the official discharge
of their duties and that they may serve criminal process in
cases of violations of the game laws with the same authority
as the sheriff. Articles 483 and 905, V.A.P.C. Also, they
"may arrest without a warrant any person found by them in the
act of violating any of the laws for the protection and propo-
gation of game, wild birds or fish. . . ." Article 905,
V.A.P.C. Furthermore, a game warden may search a "game bag
or other receptacle" and "any buggy, wagon, automobile, or
other vehicle" without a warrant when he "has reason to sus-
pect" that it "may contain game unlawfully killed or taken."

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Articles 897 and 923d, V.A.P.C. Furthermore, a game warden is empowered to "enter upon any lands or water where wild game or fish are known to range or stray for the purpose of enforcing the game and fish laws of this State. . . ."

We are not seeking to enumerate all enforcement powers of the Game, Fish & Oyster Commission nor its deputies but it is sufficient to say that they are numerous and as a general proposition, we think the official acts of such officers must concern or be directed toward the enforcement of the game and fish laws. We fail to find any authority for search by game warden unless it is in some way pertinent to the laws he is charged with enforcing. Thus, we do not see what right a game warden would have to search a person solely for the purpose of ascertaining if he possessed a draft card where no game law violation or suspected violation was involved. However, we do not wish to be understodd as holding that the search of a person and the examination of his personal effects by a game warden would in no event be warranted by law. It is a well recognized principle of law in Texas that where a person has been legally arrested, a search of his person and personal effects without a warrant is permitted as an incident of the arrest. See 4 Texas Jurisprudence 790; 51 A.L.R. 424; Hawley v. State, 296 S.W. 556; Rutherford v. State, 121 S.W. (2d) 342; Merrick v. State, 167 S.W. (2d) 743.

It is our sincere hope that this opinion will prove to be of some assistance to you.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By *Eugene Alvis*

Eugene Alvis
Assistant

EA:db

APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN